IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                      Case Nos.:   3:04cr69/LAC/EMT
                                                 3:16cv134/LAC/EMT

JONATHAN AARON TOMPKINS

---

## REPORT AND RECOMMENDATION

Defendant Jonathan Aaron Tompkins has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 62). The Government filed a response and was granted a continuance to file a supplemental response until after a decision was issued in *Beckles v. United States*, 137 S. Ct. 886 (2017) (*see* ECF Nos. 69, 70, 72). After the *Beckles* decision issued, the Government filed a supplemental response in opposition (ECF No. 73). Defendant filed a reply (ECF No. 74). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion should be denied and dismissed as untimely.

## BACKGROUND and ANALYSIS

In August of 2004, Defendant pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (ECF No. 29). The court determined that Defendant was eligible for a sentencing enhancement as a career offender under United States Sentencing Guideline § 4B1.1(a) after adopting the findings of the Presentence Investigation Report ("PSR"), which included at least two prior felony convictions for a crime of violence: principal to aggravated battery and burglary of a dwelling (*see* ECF No. 75, PSR ¶¶ 22, 34, 41). The PSR calculated a Guideline range of 92 to 115 months' imprisonment based on a total offense level of 26 and a criminal history category of IV (ECF No. 75, PSR ¶ 81). In December of 2004, the court sentenced Defendant to 103 months' imprisonment, in the middle of the Guideline range, followed by three years of supervised release (ECF No. 35). Defendant appealed, and on September 13, 2005, his conviction and sentence were affirmed (*see* ECF No. 54). *United States v. Tompkins*, 148 F. App'x 852 (11th Cir. 2005). Defendant did not file a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition expired (*i.e.*, ninety days after the entry of the judgment of the court of appeals). Thus, Defendant's judgment of

conviction became final on December 12, 2005. In order to have been timely filed, his § 2255 motion had to be filed no later than one year from that date, or by December 12, 2006. Therefore, Defendant's motion dated March 22, 2016, and received by the clerk on March 28, 2016, is facially untimely.[1]

In the instant motion, Defendant argues that his offense level was improperly increased based on two prior felonies which were determined to be crimes of violence under the residual clause of the Sentencing Guidelines in violation of the Due Process Clause (ECF No. 62 at 8–9). While Defendant concedes that his principal to aggravated battery conviction is properly considered a crime of violence, he contends that his burglary of a dwelling conviction is no longer a violent felony

---

[1] Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The court will address Defendant's motion to the extent necessary to explain why *Johnson* does not make his motion timely. In *Johnson*, the Supreme Court ruled that the Armed Career Criminal Act's ("ACCA") "residual clause" was unconstitutionally vague. Under the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. Additionally, the Supreme Court has held that *Johnson*

announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016).

Defendant argues that the reasoning in *Johnson* which invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the advisory Guidelines' definition of a "crime of violence." *See* U.S.S.G. § 4B1.2(a). The Government responds correctly that Defendant's argument is foreclosed by the Supreme Court's recent decision in *Beckles*, *supra*, in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range (*see* ECF No. 73 at 4–5 (citing *Beckles*, 137 S. Ct. at 892)). The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated "twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Beckles*, 137 S. Ct. at 894. Moreover, the Eleventh Circuit has held that burglary of a dwelling in violation of Fla. Stat. § 810.02 is a crime of violence because it "involves conduct that presents a serious potential risk of physical injury to another." *United States v. Matchett*, 802 F.3d 1185, 1193–94, 1197 (11th Cir. 2015) (also

holding that the Sentencing Guidelines cannot be challenged as unconstitutionally vague).

In his motion, Defendant concedes that *Matchett* controls, but he argues that it was incorrectly decided (ECF No. 62 at 11–13). Also, in his reply, Defendant acknowledges *Beckles*, but argues that *Beckles* addressed the advisory Guidelines, not the mandatory Guidelines under which he was sentenced in 2004, so the rationale for not permitting a vagueness challenge to the advisory Guidelines discussed in *Beckles* should not apply (ECF No. 74 at 3–6). However, Eleventh Circuit precedent forecloses this argument. *See In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) (holding that Griffin could not make a prima facie showing that *Johnson* applies to him in light of binding precedent in *Matchett* that the Sentencing Guidelines cannot be challenged as unconstitutionally vague). The court explained:

> For the following reasons, the logic and principles established in *Matchett*, also govern our panel as to Griffin's guidelines sentence when the Guidelines were mandatory.
>
> The Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge. *Id*. at 1195. The limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. The Guidelines do not define illegal conduct: they are directives to

> judges for their guidance in sentencing convicted criminals, not to citizens at large. *Id*. at 1195–96. Due process does not mandate notice of where, within the statutory range, the guidelines sentence will fall.
>
> Indeed, a defendant's due process rights are unimpaired by the complete absence of sentencing guidelines. The Constitution does not require sentencing guidelines in noncapital cases. *Id*. at 1194. Because there is no constitutional right to sentencing only under guidelines, the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. *Id*. at 1194–95. Before Congress enacted the Guidelines, the federal government had indeterminate sentencing. *Id*. at 1195. Even vague guidelines cabin discretion more than no guidelines at all.

*Griffin*, 823 F.3d at 1354–55. *See In re Anderson*, 829 F.3d 1290, 1292–94 (11th Cir. 2016) (noting that in light of the precedents in *Matchett* and *Griffin*, Anderson failed to make a prima facie showing that he is entitled to file a successive § 2255 motion); *In re Sams*, 830 F.3d 1234, 1240 (11th Cir. 2016) ("[O]ur precedent holds that *Welch* does not make *Johnson* retroactive for purposes of filing a successive § 2255 motion raising a *Johnson*-based challenge to the Sentencing Guidelines."); *see also In re Sapp*, 827 F.3d 1334, 1336 (11th Cir. 2016) (in which the panel disagreed with *Griffin*, but acknowledged that it was bound by its precedent in the context of mandatory Sentencing Guidelines). This court is bound by circuit court precedent. Therefore, Defendant's challenge to his career offender designation is foreclosed by both *Beckles* and *Griffin*.

Case Nos.: 3:04cr69/LAC/EMT; 3:16cv134/LAC/EMT

## CONCLUSION

Because Defendant's conviction became final more than ten years ago and *Johnson* does not apply to his career offender sentence, his motion is untimely under § 2255(f)(1) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that

Case Nos.: 3:04cr69/LAC/EMT; 3:16cv134/LAC/EMT

party may bring the argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant Tompkins' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 62) be **DENIED** to the extent he seeks relief based on the Supreme Court's decision in *Johnson* and otherwise **DISMISSED as untimely**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of August 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:04cr69/LAC/EMT; 3:16cv134/LAC/EMT